# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17CR100 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| DASHAWN J. SMEDLEY, | : | |
| Defendant. | : | |

## AMENDED
## PRELIMINARY ORDER OF FORFEITURE
## (DASHAWN J. SMEDLEY)

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

The Defendant plead guilty to Count One of the Indictment charging him with Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and Count Five charging him with Possession of a Firearm in furtherance of a Drug Trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

The Defendant has an interest in the following property (hereinafter referred to as the "Subject Property") a Glock .45 semiautomatic, Serial No. XLF347 with 9 rounds of ammunition.

The Subject Property is forfeitable, pursuant to 21 U.S.C. § 853 as property constituting, or derived from, any proceeds obtained, directly or indirectly and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the Defendant's offense alleged in Count One and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) as l

firearms and ammunition involved in or used in the commission of the Defendant's offense alleged in Count Five.

The United States has established the requisite nexus between the Subject Property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Defendant shall hereby forfeit, pursuant to 21 U.S.C. § 853 any property constituting, or derived from, any proceeds obtained, directly or indirectly and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the Defendant's offense alleged in Count One

2. The Defendant shall hereby forfeit, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) any firearms or ammunition involved in or used in the commission of the Defendant's offense alleged in Count Five.

3. The Defendant shall hereby forfeit, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) the following specific property (hereinafter referred to as the "Subject Property") a Glock .45 semiautomatic, Serial No. XLF347 with 9 rounds of ammunition.

4. The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the judgment.   This order remains preliminary as to third parties until the ancillary proceeding is concluded.

5. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

6. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

7. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

8. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

9. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

10. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

11. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

12. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: April 17, 2018

SO ORDERED:

*s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT COURT JUDGE